# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60238
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2020

Lyle W. Cayce
Clerk

TURBIDES LEON-SAVILLON,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 033 621

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Turbides Leon-Savillon, a native and citizen of Honduras, seeks review of the Board of Immigration Appeals' (BIA) denying his motion to remand and dismissing his appeal of an Immigration Judge's (IJ) denying his motion to reopen removal proceedings and to rescind his *in absentia* removal order.

Leon contends his notice to appear (NTA), which he was provided in April 2001, was defective for failing to include the time and place of his removal

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

proceedings, relying on *Pereira v. Sessions*, 138 S. Ct. 2105, 2113–14 (2018) (so holding for purposes of triggering 8 U.S.C. § 1229b(d)(1)(A)'s stop-time rule for continuous presence calculations).  Consequently, according to Leon, the immigration court never obtained jurisdiction over him under 8 U.S.C. § 1229(a)(1), and the IJ's ordering his removal, *in absentia*, pursuant to § 1229a(b)(5)(A), was impermissible.

Further, Leon asserts the IJ and BIA failed to properly consider his sworn statement that he provided an address when taken into custody upon entering the United States and challenges the BIA's finding the record evidence directly contradicts this assertion.

Finally, he contends:  the Government should have obtained his address by calling the telephone number he provided; he was not provided a form on which to provide his address; and the BIA failed to consider whether evidence showed his Form I-213 (showing an address was not provided) was incorrect.

For obvious reasons, the denial of a motion to reopen is reviewed under "a highly deferential abuse-of-discretion standard".  *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) (citation omitted).  Therefore, the BIA's decision must be upheld unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach".  *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (citation omitted).  "Furthermore, we must use the substantial evidence test to review the BIA's factual conclusion[s] . . .".  *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) (per curiam) (citation omitted).  Under this standard, "we may not reverse the BIA's factual determinations unless we find . . . the evidence *compels* it".  *Id.*  (citations omitted).

No. 19-60238

Concerning Leon's claim about his NTA's being defective, our court's precedent forecloses the application of *Pereira* in this instance. *See Pierre-Paul v. Barr*, 930 F.3d 684, 688–90 (5th Cir. 2019) (holding *Pereira* limited to the narrow stop-time rule context), *petition for cert. filed*, 88 U.S.L.W. 3212 (U.S. 16 Dec. 2019) (No. 19-779). Because Leon's NTA specified the nature of the proceedings, noted their legal authority, and provided a warning regarding *in absentia* removal, it was not defective. *See id.* at 690.

For Leon's statutory claims, an alien who does not attend a removal proceeding, after being provided proper notice, shall be ordered removed *in absentia* "if the [Government] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable". 8 U.S.C. § 1229a(b)(5)(A). Nevertheless, "the [G]overnment need not establish that written notice was provided in order to obtain an *in absentia* removal order if the alien . . . failed to provide a current mailing address". *Gomez-Palacios*, 560 F.3d at 358 (italics added) (citing 8 U.S.C. § 1229a(b)(5)(A)–(B)); *see also* 8 C.F.R. § 1003.18(b) ("No such notice [regarding the time, place, and date of a removal hearing] shall be required for an alien not in detention if the alien has failed to provide [an] address . . .".).

The NTA was personally served on Leon; it stated he would be required to appear before an IJ at a time and date to be set; and, as discussed, it was not otherwise defective. The NTA and the Form I-213 show Leon was unable to provide an address to immigration authorities. Although the IJ's decision did not address Leon's above-referenced sworn statement, the BIA considered it and determined the other record evidence did not support it. Consequently, the evidence does not compel a conclusion contrary to the finding that Leon did not provide an address to immigration authorities, which negated any notice

3

requirement.  *See Gomez-Palacios*, 560 F.3d at 358 (citation omitted); 8 C.F.R. § 1003.18(b).

Additionally, in order for our court to have jurisdiction over a claim, an alien must exhaust his available remedies before the BIA.  *See Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001) (citations omitted).  Because Leon did not raise his remaining claims before the BIA, we lack jurisdiction to review them.  *See id.* (citations omitted).

And, although Leon submitted a completed application for asylum to the BIA, he fails here to address any claim that the proceedings should have been reopened because he was eligible for asylum, withholding of removal, protection under the Convention Against Torture, or cancellation of removal. He has therefore abandoned any such challenge.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam) (citation omitted).

DISMISSED IN PART; DENIED IN PART.